# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **GREGG PROCTOR # 120367,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:13-00309 |
| ) | Judge Sharp/Brown |
| **SHERIFF JEFF BLEDSOE**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

To: The Honorable Kevin H. Sharp, United States District Judge.

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge recommends that: 1) defendant Southern Health Partner's (SHP) motion for summary judgment (Doc. 61) be **GRANTED**; 2) Sheriff Bledsoe's motion for judgment on the pleadings (Doc. 63) be **GRANTED**; 3) this case be **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983; 4) dismissal of this action count as a "**STRIKE**" under 28 U.S.C. § 1915(g); 5) the order accepting and adopting this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; 6) any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3); 7) any pending motions be **TERMINATED** as moot.

## I. STATEMENT OF THE CASE

Plaintiff, proceeding *pro se* and *in forma pauperis* (*IFP*), brought this action under 42 U.S.C. § 1983 naming the following defendants: Jeff Bledsoe, Sheriff of Dickson County, the Dickson County Jail, and SHP. (Doc. 1) Plaintiff was incarcerated in the Dickson County Jail at the time he filed his complaint.

Plaintiff alleges that the defendants violated his rights under the Eighth Amendment by not providing him with same medication that he had been prescribed prior to his incarceration. Plaintiff

seeks injunctive relief only, *i.e.*, that he be provided the medications he had been receiving before going to jail.[1]

The District Judge referred this case to the Magistrate Judge on April 8, 2013 to enter a scheduling order for the management of the case, to dispose or recommend the disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 723(b), Fed. R. Civ. P. and the Local Rules of Court. (Doc. 8)

SHP filed its answer on May 15, 2013. (Doc. 15) Sheriff Bledsoe filed his answer on May 24, 2013. (Doc. 19) Thereafter, on June 26, 2013, the Magistrate Judge terminated the Dickson County Jail as a defendant because a jail is not a proper defendant. (Doc 26, p. 5)

SHP filed a motion for summary judgement, supporting memorandum, and statement of undisputed material facts on January 17, 2014. (Doc. 61) Sheriff Bledsoe filed a motion for judgment on the pleadings and supporting memorandum on January 21, 2014. (Docs. 63-64) Plaintiff did not file a response to either motion, and the time for him to do so has passed.

This matter is now properly before the court.

## II. ANALYSIS

### A. Plaintiff's Claims Under § 1983 Generally

To state a claim under § 1983, plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Santiago v. Ringle*, 734 F.3d 585, 589 (6th

---

[1] Plaintiff noted in a letter to the Magistrate Judge dated July 27, 2013 that he "intend[ed] to seek punitive Damages to discourage this kind of treatment to [him] and all Future inmates." (Doc. 35, p. 3) However, he never amended his complaint to reflect his stated intent.

Cir. 2013). "Absent either element, a section 1983 claim will not lie." *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). A successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his constitutional rights. *Daniels*, 474 U.S. at 333-36; *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013); *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)).

The Magistrate Judge notes as an initial matter that, apart from identifying SHP and Sheriff Bledsoe as defendants in the style of the case, the body of the complaint is utterly devoid of any factual allegations against either defendant. The complaint provides no factual allegations as to who denied him his requested medications, or what medications he actually received. SHP records, on the other hand, show that plaintiff received a number of medications while he was incarcerated at the Dickson County Jail. (Doc. 61-5, 61-6) The defendants also are not mentioned by name anywhere in the body of the complaint, nor are there any factual allegations in the body of the complaint – explicit or implied – with respect to which the defendants might reasonably expect to have to defend. There is nothing in plaintiff's many subsequent filings that either mentions the defendants, or provides even a hint as to the factual allegations against them. (Docs. 21-23, 35, 40, 48-50, 62)

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)(citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)). The less stringent standard for *pro*

3

*se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008)(citation omitted)*, see Wells*, 891 F.2d at 594. Conclusory claims are subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *Erie County, Ohio v. Morton Salt, Inc.,* 702 F.3d 860, 867 (6th Cir. 2012).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint on initial review if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Where, as here, a plaintiff is permitted to proceed *IFP*, "the court shall dismiss the case at any time . . . the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Absent any supporting factual allegations in the complaint against either defendant, dismissal of this case would have been warranted on initial review under § 1915A(b)(1) for failure to state a claim. Inasmuch as plaintiff is proceeding *IFP*, and because his complaint still fails to state a claim on which relief may be granted, *sua sponte* dismissal is proper even at this late date under § 1915(e)(3)(B)(ii) – and the Magistrate Judge so recommends.

Although this case is subject to *sua sponte* dismissal by statute for failure to state a claim as to either defendant, the Magistrate Judge will address the defendants' dispositive motions as required in the District Judge's order of referral.

**B. SHP's Motion for Summary Judgment**

Summary Judgment is appropriate only where "there is no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law." Rule 56(c), Fed. R. Civ. P., *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Hamilton v. Starcom*

*Mediavest Group, Inc.*, 522 F.3d 623, 627 (6th Cir. 2008). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *U.S. ex. Rel. Wall v. Circle C Const.*, L.L.C., 697 F.3d 345, 351 (6th Cir. 2012)(quoting *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006)).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 249-50. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First Nat. Bank of Arizona v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). "A 'mere scintilla' of evidence, however, is not enough for the non-moving party to withstand summary judgment." *U.S. Ex. Rel. Wall*, 697 F.3d at 351)(quoting *La Quinta Corp. v. Heartland Prop.*, LLC, 603 F.3d 327, 335 (6th Cir. 2010)(citing *Ciminillo*, 434 F.3d at 464)).

SHP makes the following arguments in support of its motion for summary judgment: 1) it is not liable under the doctrine of *respondeat superior* (Doc. 61-1, ¶ I, pp. 6-7); 2) there is no evidence that SHP was deliberately indifferent to plaintiff's serious medical needs (Doc. 61-1, ¶ II, pp. 7-11); 3) plaintiff's claim for injunctive relief is moot because he was transferred "from the jail to West Tennessee State Penitentiary, at which point SHP did not provide any further medical care to Mr. Proctor" (Doc. 61-1, ¶ III, p. 12).

**1. Individual Versus Official Capacity**

SHP does not raise the question of whether plaintiff is suing SHP in its individual or official capacity. However, Sheriff Bledsoe does. Accordingly, the Magistrate Judge will address this issue as a preliminary matter before turning to SHP's specific arguments.

The complaint does not specify in what capacity plaintiff is suing defendants, nor has plaintiff clarified the point in his many subsequent filings. The Sixth Circuit "require[s] § 1983 plaintiffs 'to set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials.'" *Shepard v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002)(quoting *Wells*, 891 F.2d at 592); *see Beil v. Lake Erie Correction Records Dept.*, 282 Fed.Appx. 363, 376 (6th Cir. 2008)(citing both *Shepard* and *Wells* for the proposition that § 1983 plaintiffs are required to specify in what capacity a defendant is sued).

Where no explicit statement appears in the pleadings, the Sixth Circuit uses a "course of proceedings" test to determine whether the § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable. *See Shepard*, 313 F.3d at 967 (citing *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001)(*en banc*). Under the "course of the proceedings" test, federal courts examine "the nature of the plaintiff's claims, [and] requests for compensatory or punitive damages. . . ." *Moore*, 272 F.3d 772 at n. 1.

As already established, plaintiff has failed to allege any facts whatsoever in the body of the complaint as to either defendant. Moreover, plaintiff seeks injunctive relief only, *i.e.*, he does not seek money damages against the defendants. Under the "course of proceedings test," the complaint had not put defendants on notice that they were being sued in their individual capacity. Therefore, the complaint is properly construed as suing defendants in their official capacity only. Although it would have been proper to have dismissed this action *sua sponte* against defendants in their individual capacity on initial review under § 1983A, and even now under § 1915(e)(3)(B)(ii), the Magistrate Judge will address the claims against defendants in both their individual and official capacities for the sake of completeness.

6

### 2. SHP's Liability Under the Doctrine
of *Respondeat Superior*

SHP argues first that plaintiff's claim against it appears to arise under the doctrine of *respondeat superior*. SHP infers this claim from the complaint based on its employer-employee relationship with those who provided medical care to plaintiff while he was incarcerated it the Dickson County Jail.

#### a. Plaintiff's Claim Against SHP in
its Individual Capacity

The law is settled that actions brought against state actors[2] cannot be maintained under § 1983 on a theory of *respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011)(citing *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995), unless the state actor was <u>directly</u> involved in the alleged violations of the plaintiff's constitutional rights, *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010)(internal citations and quotation marks omitted). For vicarious liability to attach here, SHP must have "at least implicitly authorized, approved, or knowingly acquiesced n the unconstitutional conduct of the offending [party]." *Colvin*, 605 F.3d at 292 (citing *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009)).

The plaintiff does not allege that SHP was directly responsible for any of the alleged acts and/or omissions of its employees who provided medical care to him while he was incarcerated in the Dickson County Jail, nor can any such claims be liberally construed against SHP. More particularly, plaintiff does not allege that SHP acted pursuant to a corporate policy or custom that

---

[2] Under the public function test, SHP was a state actor under § 1983 because its employee(s) provided medical care to prisoners at the Dickson County Jail. *See West v. Atkins*, 487 U.S. 42, 54 (1988); *McCullum v. Tepe*, 693 F.3d 696, 699-700 (6th Cir. 2012); *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996).

7

violated his constitutional rights. Consequently, SHP is not liable to the plaintiff in its individual capacity under the doctrine of *respondeat superior* regardless of what SHP's employees may or may not have done.

### b. Plaintiff's Claim Against SHP in its Official Capacity

In an official-capacity-only lawsuit, the real party in interest is the represented governmental entity. *See Hafer v. Mels,* 502 U.S. 21, 25-26 (1991). Since the plaintiff is in essence suing the County of Dickson by suing SHP in its official capacity, plaintiff must allege and show that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell,* 436 U.S. at 690-91; *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 507-09 (6th Cir. 1996). The complaint neither alleges nor implies that any County policy, regulation, decision, custom, or tolerance of a custom of such violations was responsible for the alleged violation of his constitutional rights. Consequently, SHP has no liability in its official capacity under § 1983.

### c. Conclusion

As shown above, SHP is not liable under the doctrine of *respondeat superior* in either its individual or official capacity and, as such, SHP's motion for summary judgment should be granted on these grounds. Although SHP's *respondeat superior* argument is dispositive as to the case against it, the Magistrate Judge will nevertheless address SHP's remaining arguments.

### 2. SHP's Liability Under the Eighth Amendment

SHP argues next that there is no evidence that SHP was deliberately indifferent to plaintiff's serious medical needs. SHP infers this claim against it based on plaintiff's overarching allegation

8

that the alleged acts and/or omissions of the staff at the Dickson County Jail violated his rights under the Eighth Amendment.

"[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013)(quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). That said, complaints of malpractice or allegations of negligence are insufficient to entitle a prisoner-plaintiff to relief under § 1983. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding treatment also does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess corrections officials' medical judgments and constitutionalize claims which sound in state tort law. *Graham ex rel Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

SHP has provided the affidavit of Larry D. Higgins, Jr., LPN, the SHP Regional Administrator for the region that includes the Dickson County Jail, plus 100 pages of attached medical records/related documents that pertain to plaintiff's medical care at Dickson County Jail. (Doc. 66. Ex. A & "Ex. A To Affidavit") It is apparent from Mr. Higgins' affidavit and attached documents that plaintiff received medical care while he was incarcerated in the Dickson County Jail, including medication. It is equally apparent from the complaint *vis-a-vis* Mr. Higgins' affidavit and attached documents that plaintiff merely disagrees with and/or disputes the adequacy of the medication he was provided. A prisoner-plaintiff's difference of opinion and/or dispute with respect to the adequacy of his medical care does not constitute grounds for relief under § 1983.

As repeatedly noted, the compliant before the court is devoid of any factual allegations.

9

Consequently, plaintiff's Eighth Amendment claim is nothing more than a naked allegation. Because plaintiff's Eighth Amendment claim is nothing more than a naked allegation, plaintiff fails to state a claim under the Eighth Amendment against SHP in either its individual or official capacity. Therefore, SHP's motion for summary judgment should be granted on these grounds as well.

### 3. SHP's Injunctive Relief Argument

Finally, SHP argues that plaintiff's subsequent transfer to the Tennessee Department of Correction (TDOC) renders his complaint moot.³ While it is true that a prisoner's transfer from the facility against which he seeks injunctive relief renders his request for such relief moot, *see Colvin*, 605 F.3d at 289 (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)), plaintiff states that he was returned to the Dickson County Jail on January 3, 2014. (Doc. 62, p. 1) Whether plaintiff is incarcerated in the Dickson County Jail or not presents a genuine issue of material fact that cannot be resolved on the pleadings. However, inasmuch as SHP's *respondeat superior* and Eighth Amendment arguments both are dispositive, there is no need to address SHP's third argument further.

### C. Sheriff Bledsoe's Motion for Judgment on the Pleadings

A district court's decision regarding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed using the same *de novo* standard of review employed for a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)(citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)).

---

³ In a letter dated July 27, 2013, plaintiff notified the court that he had been transferred from the Dickson County Jail to the Bledsoe County Correctional Complex in Pikeville, Tennessee. (Doc. 35) The record shows that plaintiff was transferred several times within TDOC as well.

In assessing a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Services, Inc.,* 668 F.3d 393, 403 (6th Cir. 2012)(quoting *Ashcroft*, 556 U.S. at 662 (internal quotation and citation omitted). A motion to dismiss under Rule 12(b)(6) "should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007)(quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)(internal quotation and citation omitted)). Finally, review under Rule 12(b)(6) is limited to the pleadings. *See Tellabs, Inc. v. Makor Issues & rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *see also Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010).

Sheriff Bledsoe sets forth the following arguments in his motion for judgment on the pleadings: 1) plaintiff's claims against him are conclusory and, therefore, fail to state a claim (Doc. 64, ¶ I, pp. 3-4); 2) he is not liable under the doctrine of *respondeat superior* (Doc. 64, ¶ II, pp. 4-7), 3) plaintiff's transfer renders his complaint seeking only injunctive relief moot (Doc. 64, ¶ IV, p. 10); 4) he is entitled to immunity under the Eleventh Amendment (Doc. 64, ¶ III, pp. 8-10).

### 1. Sheriff Bledsoe's Argument That Plaintiff's Claims Against Him Are Conclusory and Fail to State a Claim

Sheriff Bledsoe's first argument is that plaintiff's claims against him are conclusory. Therefore, they fail to state a claim on which relief may be granted.

Again, the complaint is devoid of any factual allegations. Because the pleadings fail to provide any factual allegations against Sheriff Bledsoe, plaintiff's claims against him are conclusory and, as such, they are subject to dismissal for the same reasons explained at pp. 3-4. In sum, Sheriff

Bledsoe's motion for judgment on the pleadings should be granted because plaintiff has failed to state a claim against him in either his individual or official capacity.

### 2. Sheriff Bledsoe's *Respondeat Superior* Argument

Sheriff Bledsoe's second argument is that he is not liable under the doctrine of *respondeat superior*. The analysis of law and fact at pp. 6-8 as to SHP applies here as well.

Because plaintiff has failed to allege and show that Sheriff Bledsoe was directly involved in the alleged acts and/or omissions of the staff at the Dickson County Jail, and/or that he acted according to an policy or custom that violated plaintiff's constitutional rights, Sheriff Bledsoe cannot be liable under the doctrine of *respondeat superior* in his individual capacity regardless of what the staff at the jail may or may not have done. Because plaintiff does not allege and show that Sheriff Bledsoe acted in accordance with a county policy, regulation, decision, custom, or the tolerance of a custom of such violations, Sheriff Bledsoe also is not liable in his official capacity under the doctrine of *respondeat superior*.

Because plaintiff has failed to establish that Sheriff Bledsoe is liable under the doctrine of *respondeat superior* in either his individual or official capacity, Sheriff Bledsoe's motion for judgment on the pleadings should be granted on these grounds as well.

### 3. Sheriff Bledsoe's Remaining Arguments

Finally, Sheriff Bledsoe argues that the complaint against him should be dismissed because plaintiff's demand for injunctive relief is moot due to his transfer from the Dickson County Jail, and because he is immune from suit under the Eleventh Amendment.

For reasons previously explained at pp. 9-10, whether plaintiff's demand for injunctive relief is moot cannot be decided on motion. Moreover, as Sheriff Bledsoe has set forth two dispositive

arguments in the case against him, there is no need to address his Eleventh Amendment argument.

### III. CONCLUSION

For the reasons explained above, the Magistrate Judge recommends that: 1) defendant Southern Health Partner's (SHP) motion for summary judgment (Doc. 61) be **GRANTED**; 2) Sheriff Bledsoe's motion for judgment on the pleadings (Doc. 63) be **GRANTED**; 3) this case be **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983; 4) dismissal of this action count as a "**STRIKE**" under 28 U.S.C. § 1915(g); 5) the order accepting and adopting this R&R constitute the **FINAL JUDGMENT** in this action; 6) any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3); 7) any pending motions be **TERMINATED** as moot.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 3rd day of April, 2014.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge